SCANNED

## UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DISTRICT

**WESTCHESTER FIRE INSURANCE**
**COMPANY, a New York Corporation,**

      Plaintiff,

vs.                                CASE NO.: 8:09CV00062-T23TBM

**CITY OF BROOKSVILLE,**
a Florida municipal corporation,

      Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS AND
## SUPPORTING MEMORANDUM OF LAW

**COMES NOW**, the Defendant, City of Brooksville, a Florida municipal corporation, (hereinafter referred to as "City"), by and through its undersigned counsel, and files this, its Motion to Dismiss and Supporting Memorandum of Law, pursuant to Rule 8, Rule 12(b)(1), Rule12(b)(7) and Rule 57 of the Federal Rules of Civil Procedure, and in support thereof states as follows:

### I.    SUMMARY OF MOTION

Plaintiff's Complaint for Declaratory Judgment must be dismissed pursuant to FED. R. CIV. P. Rule 8, Rule 12(b)(1), Rule12(b)(7) and Rule 57 because Plaintiff has (1) failed to allege sufficient facts to establish diversity jurisdiction, (2) failed to join indispensable parties, and (3) engaged in forum shopping and procedural fencing. The City has asserted claims against the Plaintiff to foreclose on performance and payment bonds, required by Fla. Stat. §255 and City of Brooksville Code of Ordinances Chapter 129, securing the development of certain construction and completion of certain public works infrastructure improvements which were not completed as required. The

Plaintiff filed its Complaint on the basis of diversity jurisdiction, but failed to allege any specific facts to establish diversity jurisdiction. In addition, Plaintiff asserts that the Developer or its successors in title would be obligated to commence and complete the construction of the improvements, the performance of which would be guaranteed by performance bonds.[1] However, Plaintiff failed to name any successor in title to the Project as a party to the Complaint; said successor in title is an indispensable party, pursuant to FED. R. CIV. P. 19. Furthermore, Plaintiff failed to name the Guarantor on The Bonds as a party to the Complaint. The Guarantor is a parent company for the Developer and was critical to securing The Bonds as required.

Plaintiff filed its Complaint the very same day the notice period set forth in the Forbearance Agreement expired with the understanding that it was the City's intent to file suit in the state Circuit Court for the Fifth Judicial Circuit, in and for Hernando County, Florida. Said state court is the proper venue and jurisdiction. The Project is located in Hernando County, Florida and all parties to the underlying cause of action, the City, the Developer, the Guarantor, and the successor in title to the Project, are all located and doing business in Florida. Plaintiff's actions were with the specific purposes of depriving the City of its choice of a state court forum and to engage in procedural fencing.

## II.   PROCEDURAL BACKGROUND

1.   The City made demand for payment on Bond #K07314541 on December 13, 2007.[2] Said demand for payment was received by Surety on or about December 28, 2007, and receipt of said

---

1 Pl.'s Compl. ¶ 13 (Jan.16, 2009).

2 A copy of the demand is attached hereto as Exhibit "A" and incorporated herein as if set forth in haec verba.

demand was acknowledged by Surety on January 2, 2008.[3] The City made demand for payment on Bond #K0731453A on December 13, 2007.[4] Said demand for payment was received by Surety on or about December 28, 2007, and receipt of said demand was acknowledged by Surety on January 2, 2008.[5]

    2.   On or around February 22, 2008, the City filed a suit, *City of Brooksville v. Westchester Fire Insurance Company*, in the Circuit Court of the Fifth Judicial Circuit, in and for Hernando County, Florida, Case No. H27CA2008000614.[6]

    3.   The City and Surety entered into a Forbearance Agreement, (hereinafter referred to as the "Agreement"), effective March 17, 2008, to extend the time in which the Surety could remedy the Developer/Principal's default and to arrange for the required improvements to be completed.[7] Pursuant to the terms of the Forbearance Agreement, on or around March 18, 2008. the City voluntarily dismissed without prejudice Circuit Court Case No. H27CA2008000614.[8]

    4.   The City provided 60 days prior written notice of termination of the Forbearance Agreement to Surety on November 17, 2008.[9]

    5.   On or around January 16, 2009 Surety filed its Complaint for Declaratory Judgment with this Court. The City was served with the Complaint on January 20, 2009.

    6.   The City filed its Complaint to Foreclose Bonds in the state Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida on February 9, 2009.

---

3 A copy of the confirmation of receipt of the demand is attached hereto as Exhibit "B" and incorporated herein as if set forth in haec verba.

4 A copy of the demand is attached hereto as Exhibit "C", and incorporated herein as if set forth in haec verba.

5 A copy of the confirmation of receipt of the demand is attached hereto as Exhibit "B" and incorporated herein as if set forth in haec verba.

6 Original Complaint in case style *City of Brooksville v. Westchester Fire Insurance Company* is attached as Exhibit "D", and incorporated herein as if set forth in haec verba.

7 A copy of the Agreement is attached hereto as Exhibit "E", and incorporated herein as if set forth in haec verba.

8 A copy of the dismissal is attached hereto as Exhibit "F" and incorporated herein as if set forth in haec verba.

9 A copy of said notice is attached hereto as Exhibit "G", and incorporated herein as if set forth in haec verba.

### III.   PARTIES

6.   Defendant, City of Brooksville, (hereinafter referred to as "City"), whose address is 201 Howell Avenue, Brooksville, Florida 34601, is a municipality in the State of Florida.

7.   Westchester Fire Insurance Company, (hereinafter referred to as "Surety") whose address is 436 Walnut Street, WA10H, Philadelphia, PA 19106-3703, is a corporation doing business in Hernando County, Florida. Surety is a licensed insurer with the Florida Office of Insurance Regulation (FOIR) and has been licensed in Florida since June 21, 1920.

8.   Levitt and Sons of Hernando County, LLC, (hereinafter referred to as "Developer" or "Principal") whose address is 777 Glades Road, Boca Raton, Florida 33434, is a limited liability company, organized under the laws of the State of Florida, doing business in Hernando County, Florida.

9.   Levitt Corporation, (hereinafter referred to as "Levitt," "Woodbridge" or "Guarantor") whose address is 2100 West Cypress Creek Road, Fort Lauderdale, Florida 33309, is, and at all times relevant hereto, a corporation organized and existing under the laws of the State of Florida. Upon information and belief, on or about May 21, 2008, Levitt changed its name to "Woodbridge Holdings Corporation" and, on or about July 9, 2008, Levitt changed its principal address to 2100 West Cypress Creek Road, Fort Lauderdale, Florida 33309. Woodbridge Holdings Corporation continues to be a corporation organized and existing under the laws of the State of Florida and is the guarantor on The Bonds.

10. Key Bank, N.A. (hereinafter referred to as "Bank"), is a successor in title to the Developer of the Project. The Bank acquired title to the Project by virtue of the order of the U.S. Bankruptcy Court on November 29, 2007 subject to the current plat approvals and development agreements. Any modification to such records and agreements would require re-application to the City or renegotiation of the terms of the development agreements.

### IV.          FACTUAL BACKGROUND

11. The underlying cause of action in this matter is the City's demand to foreclose on performance bonds securing the construction of certain public works improvements in conjunction with a planned development project where the developer defaulted on the development agreements and failed to complete the public works improvements.

12. Developer petitioned the City to adopt certain land use and comprehensive plan changes in connection with the development of property to construct a planned development project, known as Cascades at Southern Hills (hereinafter referred to as the "Project"), within the City of Brooksville, Hernando County, Florida. Requested changes included future land use map designation as suburban residential, rezoning of the property as a planned development project with a residential designation, and approval of final subdivision plats for Phase One and Phase Two of the Project.

13. As a condition of the final plat approval for the Project, Developer was obligated to complete certain on- and off-site public works improvements in accordance with City Code of Ordinances Chapter 129 Subdivision Regulations ("Project Improvements").

14. Pursuant to City Ordinance section 129-3(c)2, in lieu of the completion of the Project Improvements prior to the City's approval of the final plat, Developer was required to obtain performance and payment bonds to guarantee the completion of the Project Improvements included in the Project.[10]

15. The City accepted those certain performance bonds (more particularly described as Bond #K07314541 and Bond #K0731453A and hereinafter referred to collectively as, "The Bonds")[11] in lieu of requiring completion of Project Improvements prior to final plat approval.

16. The Developer caused the Surety to issue Bond #K07314541 in the sum of Two Million One Hundred Nine Thousand Seven Hundred Sixty One Dollars and Seventy Five Cents ($2,109,761.75) on behalf of Principal in favor of City, Obligee, in connection with Cascades at Southern Hills Phase Two Storm/Water/Reclaimed/Sanitary Sewer (the "2.1 Million Dollar Bond").

17. The Developer caused the Surety to issue Bond #K0731453A in the sum of Three Million Two Hundred Fifty Six Thousand Six Hundred Ninety Three Dollars ($3,256,693) on behalf of Principal in favor of City, Obligee, in connection with Cascades at Southern Hills, Phase Two General Conditions/Roadwork/Earthwork, (the "$3.2 Million Dollar Bond").

18. Developer began site preparation activities including land clearing and other earthwork activities.[12]

---

10 See Code of Ordinances Chapter 129-3 attached hereto and incorporated herein as Exhibit "H".

11 Copies of The Bonds are attached to hereto as Composite Exhibit "I".

19. On or around November 9, 2007, Developer filed a voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§101-1532.

20. On or around November 16, 2007, Developer filed in bankruptcy court a Motion to Abandon Property of the Estate Subject to A Lien Held By KeyBank, N.A. The property subject to this Motion included the Project. The U.S. Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division granted Developer's motion to abandon the property in an order effective November 29, 2007.[13]

21. Developer failed to complete the Project Improvements for which The Bonds were issued, did not promptly and faithfully perform the work identified in The Bonds and failed to complete the Project Improvements within the time prescribed.

22. As of December 17, 2007 the City determined the Developer to be in default on its obligations under the Project.[14]

23. The U.S. Bankruptcy Court appointed Douglas Wilson Companies as Receiver for the property, including the Project.[15] The City met with the Receiver on various occasions to address the Developer's outstanding performance obligations and Project Improvements. To date, neither the Developer nor the Bank has completed the Project Improvements.

24. As a result of Developer's default, the City will incur expenses for repair, reconstruction, replacement and completion of the Project Improvements for which The Bonds were secured. The Surety became bound to the City by The Bonds as a result of the Developer's default.

25. In accordance with The Bonds and Florida law, the Surety must, upon written demand by the City, promptly pay over to the City any unreleased portion of the The Bonds so that the City, or its agent, can complete the unfinished improvements in accordance with the terms and conditions of Project for which The Bonds were issued.

---

12 See Exhibit "J", attached hereto and incorporated herein in haec verba, which is a plat overlay of an aerial photo of the Project.

13 A copy of the order is attached hereto as Exhibit "K", and incorporated herein as if set forth in haec verba.

14 See Affidavits of Emory Pierce Public Works Director, attached hereto as composite Exhibit "L", and incorporated herein as if set forth in haec verba.

15 See letter from Receiver attached hereto and incorporated herein as Exhibit "M"..

26. Surety has failed to comply with the terms of The Bonds; and, therefore, owes the City the total sum of $5,366,454.75 due with interest as a result of the breaches of The Bonds.

## IV.     MEMORANDUM OF LAW

The Court should dismiss the Plaintiff's Complaint for Declaratory Relief for the following reasons: (1) Plaintiff failed to allege sufficient facts to establish diversity jurisdiction, (2) Plaintiff failed to join indispensable parties, and (3) initiation of this declaratory judgment proceeding is forum shopping and procedural fencing and is prohibited by law.

## A.     Diversity Jurisdiction

Surety alleges that jurisdiction is proper pursuant to 28 U.S.C. §1332 (diversity). Federal jurisdiction is premised upon complete diversity of citizenship and an amount in controversy in excess of $75,000. The City does not dispute that the amount in controversy is in excess of $75,000. In paragraph 6 of the Complaint, Surety alleges that it "...is a New York corporation with its principal place of business located in New York, New York." Surety fails to allege any specific facts, such as where its managerial and policy making functions are carried out, where its corporate offices are located, where its corporate records and accounts are maintained, where its payroll is administered or where its employees work, that support the conclusion that its principal place of business is located in New York, New York. Surety merely states a legal conclusion that its principal place of business is in New York.

Surety is a registered foreign profit corporation with the Florida Department of State Division of Corporations and does business in the State of Florida. Surety is a licensed insurer with the Florida Office of Insurance Regulation (FOIR) and has been licensed in Florida since June 21, 1920. Pursuant to 28 USC §1332(a)(1) the district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. As noted above, the City does not dispute the amount in controversy is in excess of $75,000; however, complete diversity of citizenship has not been properly established.

Jurisdiction of a federal district court may be facially or factually challenged. *Seguros Commercial America v. Hall*, 115 F.Supp. 2d 1371 (M.D. Fla. 2000). See also *R.B. McMaster v. United States*, 177 F.3d 936 (11th Cir.1999). A facial attack is an attack on the adequacy of the complaint to allege a basis of federal subject-matter jurisdiction; and a factual attack permits the reviewing court to consider evidence beyond the pleadings, such as testimony and affidavits. *Seguros*, 115 F.Supp. 2d 1371 (M.D. Fla., 2000).  See also *McMaster*, 177 F.3d 936, 940 (11th Cir.1999); and *Lawrence v. Dunbar,* 919 F.2d 1525 (11th Cir.1990). *Lawrence* established that in a facial challenge the reviewing court must take all of the allegations in the complaint as true; however, in a factual challenge the reviewing court does not presume the truthfulness of the plaintiff's allegations in the complaint. *Lawrence,* 919 F.2d 1525. Where both parties are United States citizens, they will be considered diverse under §1332(a)(1) if they are citizens of different States. As described above, Defendant is a citizen of Florida. The remaining issue, therefore, is whether Plaintiff is a citizen of any state other than Florida.

With respect to corporations, 28 USC §1332(c)(1) states:

"a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

The Plaintiff alleges that it was a New York corporation with its principal place of business located in New York, New York. Plaintiff's complaint simply provides a blanket assertion that its principal place of business is in New York without setting forth any specific facts in support of that conclusion. Plaintiff's factual allegations to establish jurisdiction are merely legal conclusions without any evidentiary support. The Supreme Court has held that a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. et al.* v. *Twombly*, 550 U.S. 544 (2007).

The question of a corporation's principal place of business is a question of fact, to be determined by the Court on a case-by-case basis. *Century Fasteners Corp. v. Spacecoast Supply Corp.*, 775 F.Supp. 392 (M.D.Fla.1991) Plaintiff failed to provide any facts for the court to consider. In addition, the Plaintiff, as the party seeking to invoke this Court's subject matter jurisdiction under 28 USC §1332, has the burden of proving that diversity of citizenship exists between the parties. See *Strickland v. Holiday RV Superstores, Inc.*, 817 F.Supp. 951 (M.D.Fla.1993); *Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202 (M.D.Fla. 1991); and *Barton v. City of Eustis, Fla.*, 415 F.Supp. 1355 (M.D.Fla.1976). Without providing any specific facts to indicate that the Plaintiff's principal place of business is in fact in New York, the Plaintiff has failed to meet its burden to prove or establish federal jurisdiction.

**B.     Court Discretion In Declaratory Actions**

Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, the Declaratory Judgment Act. The Act provides, in relevant part, "[i]n a case of actual controversy within its jurisdiction,..., any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and

other legal relations of any interested party seeking such declaration…" 28 U.S.C. §2201(a) *emphasis added*. The Supreme Court has well established that district courts possess discretion in determining whether or not to entertain a declaratory action, even in circumstances where federal jurisdiction requirements are met. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115, S. Ct. 2137, 132 L.Ed.2d 214 (1995). See also *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

In addition, the Eleventh Circuit has established guidance on the "discretionary" aspect in determining whether a declaratory action should be dismissed. *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005). This court has applied factors established by the 11th Circuit, as well as similar factors noted by the Third Circuit, in determining whether to entertain or to dismiss a declaratory action. *Clark Construction Group, LLC v. Travelers Excess & Surplus Lines Co.*, 470 F.Supp.2d 1350, 1353 (M.D. Fla. 2006); and *General Star Indemnity Co. v. Puckit, L.C.* 818 F.supp.1526 (M.D. Fla. 1993) (in considering a motion to dismiss a declaratory action the court adopted the following four factors: (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy, (2) the convenience of the parties, (3) the public interest in settlement of the uncertainty of the obligation; and (4) the availability and relative convenience of other remedies.)

In *Ameritas* the court identified the following factors: (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether

the declaratory remedy is being used merely for the purpose of "procedural fencing", to provide an

arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5)

whether the use of a declaratory action would increase friction between the federal and state courts

and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better

or more effective; (7) whether the underlying factual issues are important to an informed resolution

of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than

is the federal court; and (9) whether there is a close nexus between the underlying factual and legal

issues and state law and/or public policy, or whether federal common or statutory law dictates

resolution of the declaratory judgment action. When considering the totality of these factors as

applied to the facts of this case, the balance weighs against the Plaintiff's declaratory action being

entertained by this Court.

### *1. There is Strong State Interest in Having the Issues Decided in the State Courts and There Exists a Close Nexus Between Underlying Facts and Legal Issues, State Law and Public Policy.*

There exists a strong state interest in having the issues raised in the complaint herein for

declaratory relief decided in state court. The performance bond requirement in this case is rooted in

two legal foundations, Florida Statute §255 and City Code of Ordinances Chapter 129. The primary

purpose for the performance bond requirement is to secure infrastructure improvements for city

residents and other citizens within the City's service area as growth and development occur. This

demonstrates that there exists a close nexus between the facts and legal issues of the underlying

controversy, state law and public policy.

From the City's perspective, each development project is a piece of a bigger puzzle in the

overall growth and planning of essential City Services. In reliance on development agreements for public works improvements, the City undertakes actions and approvals on other projects and public works improvements. Without the necessary improvements set forth within each planned development, the overall planning and operation of City services is impeded; therefore, a strong public interest exists for the City to pursue its rights to the Project Improvements against all parties to the Project in state court. Plaintiff, Westchester, cannot be allowed to avail itself of business opportunities in the State of Florida, Hernando County, and the City of Brooksville, sell its bonds and offer assurance to the City of Brooksville encouraging the City to engage in business with the Developer, and then avoid state court venue and jurisdiction by filing a Complaint for Declaratory Judgment in the federal courts.

### 2.   *The Declaratory Action Would Not Settle the Controversy Among all the Parties.*

Pursuant to Rule 19 of the Fed. R. Civ. P., a person must be joined as a party if: (a) in that person's absence, the court cannot afford complete relief among the existing parties; or (b) that person claims an interest in relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or other wise inconsistent obligations because of the interest. The Eleventh Circuit identified four factors in a Rule 19(b) analysis in *Tick v. Cohen*, 787 F.2d.1490 (11th Cir. 1986). The four part analysis includes consideration of (1) the extent a judgment rendered in the person's absence might be prejudicial to a party, (2) the extent to which the prejudice may be avoided or lessened by crafting provisions in the judgment or through other measures, (3) the adequacy of the judgment if rendered in the absence of the party, and (4) the existence of an alternative forum if the

action is dismissed.

Under a Rule 19 analysis, the complete relief cannot be afforded to all parties involved and certain indispensable parties are not named in the Complaint. Generally, suretyship involves three parties: the principal, a surety, and an obligee. As the surety is generally entitled to indemnification from the principal, the principal is often the guarantor on the bonds. See *Shannon R. Ginn Construction Co. v. Reliance Insurance Co.*, 51 F.Supp.2d 1347 (S.D. Fla. Mar. 17, 1999). In this case, the Developer is the Principal, the Surety is the Plaintiff and the City is the Obligee; however, the principal is not the guarantor. Woodbridge, a parent company of the Principal, is the Guarantor. Only the Surety and the Obligee are parties to the Complaint for declaratory relief.

On or around September 10, 2008, Plaintiff brought suit[16] against Levitt Corporation and Woodbridge Holdings Corporation for deposit of collateral and contractual indemnification of The Bonds as a result of the City's earlier demand. Woodbridge, as a Guarantor and corporate affiliate of the Developer in the underlying cause of action on The Bonds, met with the City on or around November 6, 2008 to institute settlement discussions to resolve the dispute regarding the incomplete public works improvements. Furthermore, Woodbridge, in partial consideration of, and, among other things, as an inducement to Surety for the execution by Surety of bonds or undertakings on behalf of Developer as principal, executed an Agreement of Indemnity with Plaintiff.

Furthermore, the Plaintiff has alleged that a successor in title would be obligated to perform the improvements secured by the bonds; however, no successor in title to the Project has been named in this matter. The Bonds secure public works Project Improvements performance obligations that Plaintiff argues have now transferred to KeyBank by virtue of the Bankruptcy Court Order, yet the

---

16 *Westchester Fire Insurance Co. v. Levitt Corp. and Woodbridge Holdings Corp.*, Case No. 08CIV7881, filed in

Bank is not a party to the Complaint herein. A declaratory judgment in favor of the Surety would prejudice the Bank with respect to its interests in the Project.

City residents and residents in the City's service area have been denied the public works Project Improvements due to the Developer's default; therefore, the City has a vested interested in pursuing its rights to the Project Improvements against all parties to the Project, including the Developer, the Surety, and the successor in title to the Project. The Developer, the successor in title to the Project and the Guarantor on The Bonds are not named parties to the Complaint; therefore, the underlying controversy would not be resolved among all the parties to the Project and the City and the Bank would be seriously prejudiced by a declaratory judgment in favor of the Surety.

### 3. *The Declaratory Remedy is Used for the Purpose of Forum Shopping and Procedural Fencing.*

Based on the procedural history of the underlying controversy, Plaintiff raced to this Court to file its Complaint in order to impede the Defendant's ability to choose a state court forum. Such action constitutes a misuse of the declaratory action. *Clark Construction Group, LLC v. Travelers Excess & Surplus Lines Co.*, 470 F.Supp.2d 1350, 1353 (M.D. Fla. Dec. 20, 2006) citing *Sunrise Senior Living Inc. v. APB, Inc.,* 2006 WL 2852853 (S.D. Fla. Oct. 3, 2006) (Given the imminent threat of litigation under which this suit was filed, this court thus concludes that plaintiff misused the declaratory judgment act to attempt a 'backdoor removal'.) See also *General Start Indemnity Co. v. Puckit, L.C.* 818 F.supp.1526 (M.D. Fla. 1993).

### 4. *An Alternative Remedy Available to Plaintiff.*

Granting this Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment does not

---

the U.S. District Court for the Southern District of New York on September 10, 2008.

affect the Plaintiff's ability to defend this action in another proper jurisdiction or venue. Furthermore, Plaintiff has other remedies available to it in lieu of granting its request for a declaratory judgment. State court remedies provide for relief that is either similar to, better, or more effective than those available in federal court.

### 5. There Exists Disputed Underlying Factual Issues Important to an Informed Resolution.

Plaintiff contends that "prior to moving one shovel of dirt, or selling any homes or lots within the project, the developer went bankrupt, canceled the project and abandoned the property to the mortgagee."[17] Yet, Phase One of the Project was almost fully completed and Phase Two of the Project was initiated. The City made demand for payment from another surety for completion of Phase One Project Improvements. Construction on Phase Two of the Project was underway at the time of the Developer's default. The Developer had initiated land clearing, tree removal and other earthwork in Phase Two of the Project.[18]  Plaintiff's contention that no such activity occurred is untrue.

### 6. Useful Purpose in Clarifying the Legal Issue in State Courts, Increased Friction between the Federal and State Courts, and Improper Encroachment on State Jurisdiction.

Given that the underlying controversy arises out of a breach of contract on performance and payments bonds required under both Florida law and city code, and that the controversy poses no federal question, there is no specific purpose in having the matter decided in federal court. However, due to the public policy effect of any decision on the legal issues in this matter, there exists a useful

---

17 Pl.'s Compl. ¶ 7 (Jan. 16 2009).
18 See Exhibit "J", attached hereto and incorporated herein in haec verba, which is a plat overlay of an aerial photo of the Project

purpose in having the rights of parties clarified in state court. The federal court should not encroach on a state jurisdictional matter.

## V.    CONCLUSION

This Court should dismiss the Plaintiff's Complaint for Declaratory Judgment because Plaintiff has (1) failed to allege sufficient facts to establish diversity jurisdiction, (2) failed to join indispensable parties, and (3) engaged in forum shopping and procedural fencing. Plaintiff's conclusion that its principal place of business is in New York is insufficient to meet the burden of establishing diversity jurisdiction. Parties omitted from this action are indispensable to resolving the underlying cause of action from which the Plaintiff seeks relief; therefore, a declaratory judgment action will not serve to clarify the legal relations at issue or in resolving the dispute between the parties. The City will be faced with the same issues in pursuing completion of the agreed upon improvements against other parties, should this Court grant declaratory relief to the Plaintiff. Other remedies are available to the Plaintiff in lieu of this action, and the Plaintiff cannot demonstrate that it will suffer any harm if their Complaint is dismissed. Rewarding Plaintiff's conduct in seeking this action in anticipation of state court litigation will only serve to validate their conduct and would be unjust to the City and its constituents.

**WHEREFORE**, Defendant, City of Brooksville, Florida, respectfully requests this Honorable Court to (1) grant its Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment, (2) dismiss this action with prejudice, and (3) grant Defendant any and all other relief as required by law or in equity that the Defendant may be entitled.

Respectfully Submitted,

THE HOGAN LAW FIRM

<u>/s/ Jennifer Rey</u>
**JENNIFER REY**
Florida Bar No. 0041997
Trial Counsel for the Defendant
Post Office Box 485
Brooksville, FL 34605
Telephone: (352) 799-8423
Facsimile: (352) 799-8294
jennifer@hoganlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 9th day of February, 2009, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court by using the CM/ECF and that the foregoing document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF to the Plaintiff.

Mr. Eugene Stearns
Trial Counsel for Plaintiff
Stearns Weaver Miller Weissler Alahadeff & Sitterson, P.A.
150 West Flagler Street
Miami, Florida 33130
Tel: 305.789.3200
Fax: 305.789.3395
estearns@swmwas.com
jmuratides@swmwas.com

THE HOGAN LAW FIRM LLC

/s/ Jennifer C. Rey
**JENNIFER C. REY**
Florida Bar No. 0041997
Trial Counsel for the Defendant
Post Office Box 485
Brooksville, FL 34605
Telephone: (352) 799-8423
Facsimile: (352) 799-8294
jennifer@hoganlawfirm.com